IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN RUSSELL ALLEN                                                                    PLAINTIFF

    v.                                          CIVIL NO. 10-2033

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Allen, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner).  Defendant has filed a motion to dismiss plaintiff's claim on the ground that it is barred by the time limitation specified in 42 U.S.C. § 405(g).  (Doc. # 6).

Plaintiff filed an application for a period disability, disability insurance benefits (DIB), and supplemental security income (SSI).  After benefits were denied initially and on reconsideration, plaintiff was granted a hearing before an Administrative Law Judge (ALJ) ON February 19, 2008, at which plaintiff appeared with counsel.  The ALJ then issued a written decision denying benefits on June 9, 2009.  Plaintiff subsequently appealed the ALJ's unfavorable decision to the Appeals Council who denied his request for further review on December 11, 2009, making the ALJ's decision the final decision of the Commissioner.  (Doc. # 1-2).  On March 4, 2010, plaintiff commenced this action in Federal district court *nunc pro tunc* requesting review of the Commissioner's unfavorable decision. (Doc. # 1).

The defendant asserts that plaintiff's complaint fails to state a claim upon which relief can be granted since it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the plaintiff of notice of

the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. Receipt of notice of the Appeals Council's decision by either the claimant or claimant's attorney, whichever occurs first, triggers the 60-day limitations period. *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

Here, the Appeals Council's decision denying plaintiff's request for review is dated December 11, 2009. Under the regulations, receipt of the notice would be presumed five days thereafter, on December 16, 2009. Plaintiff has filed a response stating that his counsel forwarded the Complaint and *In Forma Pauperis* (hereinafter "*Ifp*") application to the court on February 5, 2010. However, we can find no evidence to show that plaintiff's counsel mailed the Complaint as stated. Records indicate that the Complaint and *Ifp* application were received by the Court on March 4, 2010. The only documentation bearing a date of February 5, 2010, is plaintiff's signature on his *Ifp* application. The Complaint itself does not even bear a signature date.

To be considered timely, plaintiff must have commenced his civil action on or before February 14, 2010. Plaintiff's complaint in this case was filed *nunc pro tunc* on March 4, 2010. Additionally, plaintiff has presented no extraordinary circumstances to justify extending the 60 day period.

We find that plaintiff's complaint was not filed within 60 days after the presumed receipt of the final decision of Commissioner, or within any time as extended by the Appeals Council. We further find no extraordinary circumstances present in this case to justify extending the 60-day period. Plaintiff's counsel should have requested an extension of time from the Appeals Council. Accordingly, we find that plaintiff's compliant fails to state a claim upon which relief can be granted and this action should be dismissed.

Based on the above, defendant's motion is granted and plaintiff's case is hereby dismissed with prejudice.

DATED this 01st day of June 2010.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE